UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARGANUS MOORE,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-651-DRL-JEM

J. SCHNEIDER *et al.*,

    Defendants.

OPINION AND ORDER

Garganus Moore, a prisoner proceeding without a lawyer, filed two motions seeking preliminary injunctive relief. (ECF 25, 26.) His motions make sprawling allegations against both existing defendants and non-party prison employees regarding the propriety of disciplinary proceedings recently initiated against him and a variety of other matters. He asks for an immediate transfer out of the restrictive housing unit and for other relief.

The bulk of the issues he raises fall well outside the scope of this lawsuit. In the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and quotations omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief in the prison setting). The court cannot grant him injunctive relief on issues unrelated to the claim he is

proceeding on in this case, nor can he amend his complaint by raising new allegations in a motion for preliminary injunctive relief. Even if he followed the proper procedures, the court does not find his allegations about recent disciplinary proceedings sufficiently related to his existing claims to proceed in the same lawsuit. *See Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If he wishes to litigate claims regarding the recent events discussed in his motions, he is free to file a new lawsuit or lawsuits, subject to the usual constraints of the Prison Litigation Reform Act. The court offers no opinion about the potential merit of any such claims.

Nevertheless, within one of the motions, he raises concerns about the conditions of his confinement in the restrictive housing unit. (ECF 25 at 6.) This relates to one of his existing claims, namely, that his Eighth Amendment right to sanitary housing has been violated due to a strong sewage smell that permeates the unit. (ECF 19.) He asserts in one of his motions that the smell is so strong it is causing him to vomit when he eats or to sometimes go without eating. (ECF 25 at 6.) He requests that the sewage smell be addressed by staff or that he be moved off the unit immediately. (*Id.*)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not

show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotations omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts, like the one Mr. Moore seeks, are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotations omitted). As stated above, the court's ability to grant injunctive relief in the correctional setting is particularly limited. *Rasho*, 22 F.4th at 711-13; *Westefer*, 682 F.3d at 681. Additionally, prisoners do not have a constitutional right to the housing assignment of their choice, and where best to house a prisoner is ordinarily a matter firmly committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). In light of these considerations, the court will order the Defendants to respond before taking further

action on Mr. Moore's request for preliminary injunctive relief related to the conditions in the restrictive housing unit.

For these reasons, the court:

(1) DENIES the plaintiff's filing entitled, "Immediate Transfer Emergency Motion for Injunctive Relief," without prejudice to his pursuing these matters in another lawsuit (ECF 26); and

(2) ORDERS the Defendants to file and serve a response to the plaintiff's request for a preliminary injunction related to the conditions of his confinement in the restrictive housing unit (ECF 25) no later than **January 9, 2024**, with supporting documentation and declarations from staff as necessary, addressing plaintiff's claim that a strong sewage smell in the unit is causing him to feel ill and have difficulty eating. Defendants are not required to respond to the other matters raised in the plaintiff's motion.

SO ORDERED.

December 11, 2023                              *s/ Damon R. Leichty*
                                               Judge, United States District Court