UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARGANUS MOORE, <br><br> Plaintiff, <br><br> v. <br><br> J. SCHNEIDER, et al., <br><br> Defendants. | CAUSE NO. 3:23-CV-651-DRL-JEM |

OPINION AND ORDER

Garganus Moore, a prisoner without a lawyer, filed two motions for preliminary injunctive relief. (ECF 25, 37.) The court ordered a response from the defendants, which has now been filed. (ECF 41.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of

[his] case." *Id.* at 763 (quotations omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the correctional setting, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and quotations omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting).

Mr. Moore was granted leave to proceed on the following claims: (1) a claim against Unit Team Manager (UTM) Schneider, Captain Tibbles, and Sergeant Woods for allegedly discriminating against him on the basis of race by treating him more harshly than a white inmate after the two were involved in a fight in March 2023; (2) a claim

2

against UTM Schneider, Captain Tibbles, and Sergeant Woods for allegedly moving him to the restrictive housing unit in March 2023 in retaliation for grievances he filed complaining about the disparate treatment; and (3) a claim against UTM Schneider, Sergeant Woods, Officer Kubsch, Officer Collins, Officer Hasza, and Classification Supervisor Newkirk for deliberate indifference to his Eighth Amendment right to sanitary living conditions based on a plumbing problem in the restrictive housing unit. The court dismissed a number of other claims at screening, including a claim that his due process rights were violated in an April 2023 disciplinary hearing; a claim that his right of access to the courts was violated because he was without his tablet and legal documents; and a claim that his grievances were mishandled and wrongly denied.

In his two motions, which together span 204 pages with attachments, he seeks expansive relief regarding a wide variety of issues, including asking the court to intervene in recent disciplinary proceedings in which he is accused of misconduct. (ECF 25, 37.) The bulk of the issues he raises fall well outside the scope of this lawsuit. The court cannot grant him injunctive relief on issues unrelated to the claims he was granted leave to proceed on in this case, nor can he amend his complaint by raising new allegations in a motion for preliminary injunctive relief. Even if he followed the proper procedures, the court does not find his allegations about recent disciplinary proceedings sufficiently related to his existing claims to proceed in the same lawsuit.[1] *See Owens v.*

---

[1] To the extent he is alleging a vast conspiracy among Defendants and non-parties to violate his rights in a variety of ways, the court does not find this a plausible basis for linking these disparate issues together. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

*Evans*, 878 F.3d 559, 566 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). He will not be granted preliminary injunctive relief on any of these issues.

Within his motions he raises a concern about a sewage smell in the restrictive housing unit, which he claims is making him feel ill and have difficulty eating. This issue is sufficiently related to his claim regarding the plumbing problem to be properly raised in a motion for preliminary injunctive relief. To prevail on claim that his Eighth Amendment rights have been violated, he must satisfy both an objective and subjective prong. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id*. To satisfy this standard, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (citation omitted). The standard "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018).

In their response, the defendants acknowledge that the restrictive housing unit is in an older area of the prison and that it sometimes experiences plumbing problems. (ECF 41-3 ¶ 5.) In recent months, maintenance staff have been called several times to address plumbing issues in the unit and have performed work in response to those requests. (ECF

4

41-2.) On March 31, 2023, Mr. Moore complained of a problem with the toilet in his cell, and the following day he was moved to another cell. (ECF 41-3 ¶¶ 6-7.) To address his concerns about the smell in the unit, he was moved to another area of the prison on January 12, 2024. (*Id.* ¶ 8.) Thus, he is no longer in the area where the alleged sewage smell was causing him to feel ill.

Based on this, Mr. Moore has not met the high standard for obtaining a preliminary injunction. He has not established a likelihood of success on his claim that Defendants have been deliberately indifferent to his need for sanitary housing, nor has he demonstrated that he will be irreparably injured if he is not granted immediate relief before his claims are resolved.

For these reasons, the plaintiff's motions (ECF 25, 37) are DENIED.

SO ORDERED.

February 13, 2024         *s/ Damon R. Leichty*
                          Judge, United States District Court